Adela **OCHOA,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 04–72057.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

Adela Ochoa, Las Vegas, NV, for Petitioner.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

NVL–District Counsel, Office of the District Counsel Department of Homeland Security, Las Vegas, NV, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Thankful T. Vanderstar, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Winfield J. Sinclair, U.S. Attorney Office Northern Dist of Alabama, Birmingham, AL, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

### MEMORANDUM **

Adela Ochoa, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") order denying her application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Ochave v. INS*, 254 F.3d 859, 861–62 (9th Cir.2001), and we deny the petition for review.

Ochoa testified that although she was never threatened or harmed in Guatemala, and the civil war has ended, she still fears returning to Guatemala because of vandalism, crime, and war. Neither this testimony, nor any other evidence in the record, compels the conclusion that Ochoa would be persecuted, even in part, on account of a protected ground if she returned to Guatemala. *See Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir.2000) (upholding agency decision that random violence during civil strife is insufficient to support a grant

of asylum); *Vides–Vides v. INS*, 783 F.2d 1463, 1469 (9th Cir.1986) (upholding agency decision where petitioner, who was genuinely afraid to return to his country but who had not been threatened or harmed on account of a protected ground and who failed to indicate that his situation would be any different from the dangers faced by others in his country, was not entitled to asylum since he failed to establish a well-founded fear of persecution).

Accordingly, substantial evidence supports the IJ's determination that Ochoa did not suffer past persecution, and does not have a well-founded fear of future persecution, on account of a protected ground.

Because Ochoa failed to prove eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Ochave*, 254 F.3d at 868.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.